UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CMI ROADBUILDING, INC.,
and CMI ROADBUILDING, LTD.,

          Petitioners,

  v.

BOHR PRECISION MACHINING, INC.,

          Respondent.

Case No. 20-mc-13-pp

---

**ORDER DENYING PETITIONERS' MOTION TO ENFORCE SUBPOENA DUCES TECUM (DKT. NO. 1)**

---

On April 13, 2020, petitioners CMI Roadbuilding, Inc. and CMI Roadbuilding, Ltd. (collectively "CMI Roadbuilding") filed this motion to enforce a subpoena against respondent Bohr Precision Machining, Inc. under Federal Rule of Civil Procedure 45(g), in conjunction with a pending case in the Western District of Oklahoma. Dkt. No. 1; see Case No. 5:18-cv-1245-G. The motion asks the court to order the respondent to produce documents identified in a previous subpoena *duces tecum* and issue an order to show cause why the respondent should not be held in contempt. Id. at 1. The court will deny the motion.

Rule 45(a)(2) requires that a subpoena must issue from the court where the action ins pending—in this case, the Western District of Oklahoma. Rule 45(b)(1) says that "[a]nyone who is at least 18 years old and not a party may serve a subpoena." Rule 45(c)(2) says that the subpoena may command

1

production of documents, electronically stored information or tangible things "at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person . . . ." Fed. R. Civ. P. 45(c)(2)(A); see also Raap v. Brier & Thorn, Inc., No. 17-MC-3001, 2017 WL 2462823, at *2 (C.D. Ill. July 7, 2017) ("the place where compliance is required depends on where the recipient resides or works.").

The petitioners' motion does not state where the respondent resides, is employed or regularly transacts business in person. The Wisconsin Department of Financial Institutions' web site reveals that the respondent is a Wisconsin corporation whose principal place of business is at W194N11160 Klienmann Drive, Germantown, Wisconsin 53022-3802. https://www.wdfi.org/apps/CorpSearch/Details.aspx?entityID=B028290&hash=1468336552&searchFunctionID=ab1b51d9-ef1c-4b3d-917f-2803fc9d77a5&type=Simple&q=bohr+precision+machining.

The petitioners attached to their motion two subpoenas. The first, issued in the Western District of Oklahoma and addressed to Bohr Precision Machining, Inc., c/o Heinz D. Bohr, W194N111160 Klienmann Drive, Germantown, WI 53022-3802, was dated November 21, 2019.[1] Dkt. No. 202 at 4. It commanded the respondent to produce a list of documents at Hiltgen & Brewer, P.C., 9505 North Kelley Avenue, Oklahoma City, OK 73131 on December 20, 2019 at 9:00 a.m. Id. The petitioners say that this subpoena was

---

[1] The motion says that the subpoena was issued November 27, 2019. Dkt. No. 1 at 2. That is not the date on the subpoena itself.

2

served on Bohr on November 25, 2019, and that Bohr did not respond. Dkt. No. 1 at 3. The petitioners indicate that that when Bohr didn't respond on December 20, 2019, they sent a letter to Bohr, care of its registered agent Heinz D. Bohr, recommending that it contact its legal counsel regarding its rights and obligations, and warning Bohr that if it did not respond to the subpoena by December 30, 2019, the petitioners would pursue their remedies. Id.

The second subpoena also was issued in the Western District of Oklahoma and addressed to Bohr at the same location in Germantown. Dkt. No. 2-5 at 1. This one, however, commanded the respondent to produce the listed documents to Crivello Carlson S.C., c/o Daniel K. Mullin, 710 N. Plankinton Ave., Suite 500, Milwaukee, WI 53203. Id. The second subpoena was issued on February 12, 2020 and the return date was March 5, 2020 at 1:00 p.m. Id. The petitioners indicate that the second subpoena was served "by Federal Express" on February 13, 2020, and that Bohr again failed to respond. Dkt. No. 1 at 3.

The petitioners assert that Bohr has failed to respond or object to "the properly issued and properly served November Subpoena and February Subpoena seeking documents relevant to the lawsuit." Id. at 4. The court disagrees that the two subpoenas were "properly issued and properly served." The November 21, 2019 subpoena was addressed to the respondent at "W194N111160 Klienmann Drive." Dkt. No. 2-2 at 4. That is *not* the address reflected on the Department of Financial Institutions' web site—the petitioners

3

appear to have added an extra "1" to the street number. The petitioners attached a Federal Express delivery receipt dated November 25, 2019, which indicates that someone named "B. Berner" signed for a FedEx package in Germantown, Wisconsin. Dkt. No. 2-3 at 3. The receipt indicates that, despite the address snafu, the package was delivered to W194N11160 Klienmann Drive in Germantown—the respondent's address. Id. at 4. And while the Seventh Circuit has held that Rule 45(b)(1) not require a subpoena to be personally delivered by hand to the recipient—certified mail will do, Ott v. City of Milwaukee, 682 F.3d 552, 557 (7th Cir. 2012), the court does not know whether "B. Berman" was "a clerk or other person in charge" of the respondent's office, as required by Fed. R. Civ. P. 5(b)(2)(B)(i). The November 2019 subpoena also commanded the respondent to produce the documents at an address in Oklahoma City, Oklahoma—some eight hundred eighty miles from the respondent's location, and well over the 100 miles specified by Rule 45(c)(1)(A).

The February 12, 2020 subpoena corrected the respondent's address, and commanded production at a location some twenty-three miles from the respondent's address. It appears to have been properly issued. Again, however, the petitioners delivered the subpoena by Federal Express. It was signed for on February 13, 2020 by an "S. Stevenson." Dkt. No. 2-6. There is no indication of who S. Stevenson is or whether he or she was "a clerk or other person in charge" as described by Fed. R. Civ. P. 5(b)(2)(B)(i).

4

The court has no idea whether the respondent's registered agent or anyone in charge at the respondent received the February 2020 subpoena. The court understands that it is likely that the respondent's registered agent, Heinz Bohr, was aware of at least the November subpoena (the one that commanded production in violation of Rule 45), because the December 20, 2019 letter was addressed to him. But without evidence that the February subpoena was properly served on a registered, agent, clerk or someone in charge of the respondent, the court cannot grant the motion.

The court **DENIES** the petitioners' motion to enforce subpoena *duces tecum*. Dkt. No. 1.

Dated in Milwaukee, Wisconsin this 13th day of July, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

5

Case 2:20-mc-00013-PP   Filed 07/13/20   Page 5 of 5   Document 7